IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>EUGENE CLIFTON HOLLEY, JR.,<br><br>    Defendant. | No. CR 11-3384-TUC-CKJ (BPV)<br><br>**ORDER** |

On June 13, 2012, Magistrate Judge Jacqueline Marshall issued a Report and Recommendation (Doc. 56) in which she recommended that the Motion to Suppress filed (Doc. 20) filed by Eugene Clifton Holley, Jr. ("Holley") be denied. The magistrate judge also recommended that Holley's Supplemental Motion to Suppress Statements (Doc. 28) be denied as moot. Defendant has filed an objection to the Report and Recommendation (Doc. 60) and a Supplement in Support of the Objection (Doc. 66). The government has filed a response (Doc. 69).

*Factual Background*

No objections having been made to the findings of fact by the magistrate judge, the Court adopts the findings of fact.

*Objection to the Report and Recommendation*

Holley objects to the magistrate judge's conclusion that Holley voluntarily stopped his vehicle, that no seizure occurred, and that the agent's activation of the overhead lights of his vehicle had no Fourth Amendment implications.

*Fourth Amendment – Voluntary Encounter*

The Fourth Amendment prohibition against unreasonable searches and seizures extends to brief investigatory stops of persons or vehicles. *Terry v. Ohio*, 392, US. 1, 9 (1968). However, the magistrate judge determined that the encounter between Agent Alvarenga and Holley was consensual and that no seizure occurred. The Ninth Circuit Court of Appeals has stated that "[a] person is seized when he is 'meant to be stopped by [a particular law enforcement action] . . . and [is] so stopped." *United States v. Al Nasser*, 555 F.3d 722 (9th Cir. 2009), *citations omitted*; *see also United States v. Langston*, 970 F.2d 692 (10th Cir. 1992); *United States v. Hendricks*, 319 F.3d 993 (7th Cir. 2003) (driver stopping his own vehicle in some circumstances may result in a consensual encounter).

The Ninth Circuit further stated in *Al Nasser* that "[u]sually the objective circumstances would prove a stop, but not always." 555 F.3d at 726. The court further stated that "it does not make sense to blame an officer for interfering with someone's liberty when a person stops of his own accord, particularly when the officer did nothing to effect the stop and did not intend to stop him." *Id*. The United States Supreme Court has expressly rejected an inference that "an encounter *is* a seizure just because a reasonable person would not feel free to leave." *Id*. at 728. Indeed,

> It is clear, in other words, that a Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally *desired* termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement through *means intentionally applied*.

1 | *Id.* at 728, *quoting Brower v. County of Inyo*, 489 U.S.. 593, 596-97, 109 S.Ct. 1378, 103
2 | L.Ed.2d 628 (1988), *emphasis in original*. Therefore, the objective inquiry of whether a
3 | reasonable person would have believed he was not free to leave is supplemented with a
4 | requirement that a detention be "willful" because "the Fourth Amendment addresses 'misuse
5 | of power,' . . . not the accidental effects of otherwise lawful government conduct." *Id.*

6 | In *Al Nasser*, the court discussed cases in which no stop was found. In *United States
7 | v. Chan-Jimenez*, 125 F.3d 1324 (9th Cir. 1997), an officer followed a pickup truck. When
8 | the truck stopped and the driver raised the hood, indicating a possible mechanical problem,
9 | the officer pulled over and activated his emergency lights. The court did not find there was
10 | a seizure until the officer failed to "return the driver's license and registration after
11 | confirming that they were 'in order,' but instead asked to search the truck." *Id.* at 1326; *see
12 | also United States v. Judge*, 501 F.2d 1348, 1349 (9th Cir. 1974) (no seizure when driver
13 | "stop[s] his car voluntarily and [the police] in no way ordered or requested him to do so");
14 | *United States v. Summers*, 268 F.3d 683, 686-87 (9th Cir. 2001) (constitutionally protected
15 | rights are not implicated when the encounter between a person and a police offer is voluntary
16 | and the driver of the vehicle stopped on his own volition). Agent Alvarenga would arguably
17 | have been derelict in his duties if he had failed to have contact with the driver of the vehicle;
18 | indeed, Agent Alvarenga testified that he activated his overhead lights for safety reasons and
19 | that he intended to check if the driver was lost or having car problems. (R.T. 6/4/12, 39:16-
20 | 23).

21 | After Agent Alvarenga stopped his vehicle by Holley's vehicle and activated his
22 | overhead lights, a reasonable person may have believed he was not free to leave. However,
23 | this must be viewed in light of the fact that this was an "accidental effect" of the lawful
24 | government conduct, not the misuse of power which the Fourth Amendment addresses. This
25 | Court agrees with the magistrate judge that the encounter was voluntary and that no seizure
26 | had occurred until after the agent observed the marijuana in the vehicle driven by Holley.

Accordingly, IT IS ORDERED:

1. Holley's Request for Oral Argument is DENIED.
2. The Report and Recommendation (Doc. 56) is ADOPTED.
3. The Motion to Suppress (Doc. 20) is DENIED.
4. The Supplemental Motion to Suppress Statements (Doc. 28) is DENIED AS MOOT.

DATED this 2nd day of August, 2012.

Cindy K. Jorgenson
United States District Judge